**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| CHRISTOPHER TIGHE, et al., | : | CIVIL ACTION NO. 14-7516 (MLC) |
| Plaintiffs, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MERCER COUNTY SHERIFF'S DEPARTMENT, et al., | : | |
| Defendants. | : | |

**THE COURT** ordered the parties to show cause why, <u>inter alia</u>, the action should not be stayed and administratively terminated.  (<u>See</u> dkt. entry no. 3, Order to Show Cause at 1–5.)  The parties should be familiar with — and the Court will not repeat — the contents of the Order to Show Cause.

**THE PLAINTIFF** Christopher Tighe ("Tighe") elected to pursue administrative remedies concerning his claims under the New Jersey Law Against Discrimination ("NJLAD") before the New Jersey Division on Civil Rights ("NJLAD Remedies").  (<u>See</u> dkt. entry no. 5, Defs. Br. at 5–6.)  The plaintiffs' counsel argues that Tighe will seek to withdraw his pursuit of the NJLAD Remedies, but the proceedings for those remedies remain pending nonetheless.  (<u>See</u> dkt. entry no. 6, Pls. Reply Br. at 3.)

**THE UNDERLYING DISPUTE** insofar as it concerns Tighe's status as a public employee is the subject of disciplinary proceedings ("Disciplinary Proceedings").  (<u>See</u> dkt. entry no. 4, Pls. Resp. at 2–4; Defs. Br. at 6–8, 11–12.)  The proper forum for further review of the Disciplinary Proceedings is the New Jersey state courts.

**THE COURT** will stay and administratively terminate the action pending the final resolution of: (1) the NJLAD Remedies, either on the merits or upon Tighe's withdrawal; and (2) the Disciplinary Proceedings, including any aspect thereof that should be the subject of either an appeal or further state review.  See Gwynedd Props. v. Lower Gwynedd Twp., 970 F.2d 1195, 1204 & n.14 (3d Cir. 1992) (stating district court has no discretion to dismiss, rather than stay, monetary-relief claim that may not be redressed in state proceeding); Bongiorno v. Lalomia, 851 F.Supp. 606, 610–17 (D.N.J. 1994) (staying action, rather than dismissing complaint, as monetary-damage claim might not be resolved in pending state proceeding), aff'd, 39 F.3d 1168 (3d Cir. 1994).

**THE PLAINTIFFS** are advised to: (1) refrain from moving to reopen the action until the NJLAD Remedies and the Disciplinary Proceedings are resolved; and (2) submit the proper documentation in support of that potential motion to reopen, e.g., final orders disposing of the respective proceedings.  The plaintiffs, assuming the Court were to grant a motion to reopen, must then seek leave to amend their allegations to reflect the resolution of the NJLAD Remedies and the Disciplinary Proceedings.

**FOR GOOD CAUSE APPEARING**, the Court will issue an appropriate order and judgment.

 s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  January 5, 2015